IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| SISTER CITY LOGISTICS, INC., | * | |
| Plaintiff, | * | |
| v. | * | CV 124-148 |
| JOHN FITZGERALD, | * | |
| Defendant. | * | |

## O R D E R

Before the Court are Plaintiff's motion to remand (Doc. 5); Defendant's motion to compel arbitration and stay this action (Doc. 6); Plaintiff's motion to disqualify Defendant's counsel (Doc. 8); Plaintiff's second motion to remand (Doc. 12); Plaintiff's motion to adopt prior pleadings (Doc. 13); Defendant's renewed motions to compel arbitration and stay this action (Docs. 22, 23); and Plaintiff's motion to stay (Doc. 25). For the following reasons, Plaintiff's first motion to remand (Doc. 5), motion to disqualify Defendant's counsel (Doc. 8), and motion to stay (Doc. 25) are **DENIED AS MOOT**; Plaintiff's motion to adopt prior pleadings (Doc. 13) and second motion to remand (Doc. 12) are **GRANTED**; and Defendant's motions to compel arbitration and stay the action (Docs. 6, 22, 23) are **DENIED AS MOOT**.

## I. BACKGROUND

On August 5, 2024, Plaintiff, a Georgia corporation, filed suit in the State Court of Richmond County, Georgia, asserting various tort and breach of contract claims against Defendant, a Georgia resident. (Doc. 1-2, at 1, 24-40.) The complaint was signed, "Deidre Scott, Attorney-in-Fact," on behalf of Plaintiff. (Id. at 41.) On August 29, 2024, Defendant filed a notice of removal pursuant to 28 U.S.C. §§ 1331, 1441, and 1446. (Doc. 1, at 1.)

On August 30, 2024, Plaintiff filed a motion to remand based on a lack of federal question jurisdiction. (Doc. 5.) Deidre Scott again signed the motion as Plaintiff's "Attorney-in-Fact." (Id. at 10.) On September 5, 2024, Defendant filed its first motion to compel arbitration and stay the action pending arbitration. (Doc. 6.) The following day, Plaintiff filed a motion to disqualify Defendant's counsel due to conflicts of interest, which again was signed by Deidre Scott, "Attorney-in-Fact." (Doc. 8, at 11.) Plaintiff did not respond to Defendant's motion to compel arbitration and stay the action.

On September 9, 2024, Attorney Pierre Ifill ("Attorney Ifill") appeared on behalf of Plaintiff, and on September 12, 2024, he filed an amended complaint (the "Amended Complaint") (Doc. 11), a second motion to remand (Doc. 12), and a motion to adopt Plaintiff's prior "*pro se*" pleadings (Doc. 13). Defendant timely

2

responded in opposition to Plaintiff's original motion to remand, motion to disqualify Defendant's counsel, and second motion to remand. (Docs. 14, 19, 21.) In response to the Amended Complaint, Defendant also filed a renewed motion to compel arbitration and stay the action pending arbitration. (Doc. 23.)[1] On October 9, 2024, the day before Plaintiff's response to Defendant's renewed motion was due, Attorney Ifill filed a motion to stay all deadlines due to the effects of Hurricane Helene on the Augusta area. (Doc. 25, at 1.) Then, on October 16, 2025, the Parties jointly filed a motion for an extension of time for Plaintiff to respond to Defendant's renewed motion to compel arbitration and stay the action, as well as to reply in support of Plaintiff's second motion to remand, representing that the extension request "supersede[d] and moot[ed]" Plaintiff's pending motion to stay. (Doc. 27, at 27.) The Court granted the joint motion, extending Plaintiff's deadline to file both briefs to November 11, 2024. (Doc. 28.) Accordingly, Plaintiff's motion to stay (Doc. 25) is **DENIED AS MOOT**.

Despite the extension, Plaintiff made no further filings, and on November 19, 2024, Attorney John Edward Brown ("Attorney Brown") appeared on Plaintiff's behalf. (Doc. 29.) On March 5, 2025,

---

[1] Defendant's renewed motion to compel arbitration and stay the action appears on the docket twice. (See Docs. 22, 23.) Because the motions are substantively identical, the Court **DENIES AS MOOT** the first entry. (Doc. 22.)

3

Defendant answered Plaintiff's Amended Complaint, and on March 21, 2025, Defendant filed a notice of supplemental authority relevant to Plaintiff's pending motions to remand. (Doc. 31.) The motions are now ripe for the Court's review.

## II. DISCUSSION

The Court addresses each motion in turn.

### A. Motion to Adopt Prior Pleadings

The Court first addresses Plaintiff's motion to adopt its prior pleadings improperly filed by Deidre Scott, "Attorney-in-Fact." (Doc. 13.) Plaintiff represents this will "ensure a smooth transition of legal representation while preserving Plaintiff's claims" and will not prejudice the Defendant. (Id. at 2.) Defendant does not oppose the motion.

It is well established under both Georgia law and federal law that an individual cannot represent a corporation "*pro* se." Eckles v. Atlanta Tech. Grp., Inc., 485 S.E.2d 22, 26 (Ga. 1997); Palazzo v. Gulf Oil Corp., 764 F.2d 1381, 1385 (11th Cir. 1985). Nonetheless, the Eleventh Circuit has made clear that *pro se* plaintiffs who attempt to incorrectly represent a corporation or estate should be given an opportunity to obtain counsel and cure any deficiencies. Iriele v. Griffin, 65 F.4th 1280, 1285 (11th Cir. 2023); Palazzo, 764 F.2d at 1386. As such, Plaintiff's motion to adopt prior pleadings (Doc. 13) is **GRANTED**, and all pleadings

4

filed by Diedre Scott are hereby adopted by Attorney Ifill as counsel for Plaintiff.

**B. Motions to Remand**

Because they raise a question as to the Court's jurisdiction, the Court next addresses the two motions to remand. (Docs. 5, 12.)

As a preliminary matter, the Court assumes Attorney Ifill's amended motion to remand (Doc. 12) was intended to supplant the original motion to remand (Doc. 5), thereby mooting the original.[2] As such, the original motion to remand (Doc. 5) is **DENIED AS MOOT** and the Court turns to the merits of the amended motion to remand (Doc. 12).

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute,

---

[2] The Court notes, however, that Attorney Ifill's communications with Defendant's counsel make his intentions as to the original motion to remand unclear. (See Doc. 14-1, at 10.) The Court therefore takes this opportunity to address a troubling issue with the original motion.

The original motion to remand, filed *pro se*, is littered with non-existent case law and falsified quotations that do not appear in the cited authorities. (See Doc. 5; see also Doc. 14, at 5-6 (providing a table of inaccurate and fictitious references in Plaintiff's original motion to remand).) The Court recently imposed Rule 11 sanctions against a plaintiff proceeding *pro se* who relied on sham legal authority, and the Court will not hesitate to do so again if it finds sanctions are warranted. See Nichols v. Walmart, Inc., No. CV 124-236, 2025 WL 1178592, at *2 (S.D. Ga. Apr. 23, 2025) (finding dismissal of case a proper sanction for plaintiff's reliance on fake case citations); see also O'Brien v. Flick, No. 24-61529-CIV, 2025 WL 242924, at *6 (S.D. Fla. Jan. 10, 2025) ("Courts that have addressed the practice consistently agree that the use of fake legal authority is problematic and warrants sanctions."). Despite his communications with Defendant's counsel, the Court is giving Attorney Ifill the benefit of the doubt by assuming he did not intend to adopt the original motion; nonetheless, the Court warns that any further use of fake legal authority will result in a show cause order as to why the culpable party or attorney should not be sanctioned.

which is not to be expanded by judicial decree." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994) (internal citations omitted). As such, a defendant may only remove an action from state court if the federal court would possess original jurisdiction over the subject matter. 28 U.S.C. § 1441(a). Federal district courts have jurisdiction over all civil actions: (1) "arising under the Constitution, laws, or treaties of the United States"; and (2) "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States." 28 U.S.C. §§ 1331, 1332.

On a motion to remand, the burden of establishing federal jurisdiction is placed upon the party seeking removal. Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001). It is well established that removal jurisdiction is construed narrowly, with all doubts resolved in favor of remand. Mann v. Unum Life Ins. Co. of Am., 505 F. App'x 854, 856 (11th Cir. 2013) (citation omitted). In evaluating a motion to remand, the federal court makes its "determinations based on the plaintiff's pleadings at the time of removal; but the court may consider affidavits and deposition transcripts submitted by the parties." Crowe v. Coleman, 113 F.3d 1536, 1538 (11th Cir. 1997) (citation omitted).

Defendant relies on federal question jurisdiction as grounds for removal. (Doc. 1, at 2, 4-6.) Specifically, he argues Count IV of the complaint asserts a claim for retaliation arising under

6

Title VII of the Civil Rights Act of 1964. (Id. at 2-3.) According to Defendant, although Plaintiff does not expressly identify whether the claim is brought under state or federal law, "the allegations in Count IV make clear that this cause of action arises out of federal law." (Id. at 3.) In its amended motion to remand, Plaintiff argues there is no federal question jurisdiction because the Amended Complaint, filed September 12, 2024, no longer includes any federal claims. (Doc. 12, at 2.) Though Defendant originally argued Plaintiff's deletion of its federal claim from the Amended Complaint does not deprive the Court of subject matter jurisdiction, it has since acknowledged the Supreme Court's subsequently published decision in Royal Canin U. S. A., Inc. v. Wullschleger, 604 U.S. 22 (2025), holding otherwise. (Doc. 21, at 6; Doc. 31, at 2.)

Removal jurisdiction based on a federal question is governed by the well-pleaded complaint rule. Franchise Tax Bd. v. Constr. Laborers Vacation Tr., 463 U.S. 1, 13-14 (1983). Under the well-pleaded complaint rule, "[o]nly state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant . . . . The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987) (citations omitted); see also Merrell Dow Pharms. Inc. v. Thompson, 478 U.S. 804, 808

7

n.6 (1986) ("Jurisdiction may not be sustained on a theory that the plaintiff has not advanced." (citations omitted)). In line with this principle, the Supreme Court recently held that, "[w]hen a plaintiff amends [its] complaint following [its] suit's removal, a federal court's jurisdiction depends on what the new complaint says." Wullschleger, 604 U.S. at 30. Accordingly, "[i]f . . . the plaintiff eliminates the federal-law claims that enabled removal, leaving only state-law claims behind, the court's power to decide the dispute dissolves." Id. Wullschleger makes clear that when federal question jurisdiction ceases to exist under a complaint upon amendment, so too does supplemental jurisdiction. Id.

Here, Plaintiff's Amended Complaint removes any reference to retaliation, eliminating the sole federal claim upon which removal was anchored. (Doc. 11.) Accordingly, in light of the Supreme Court's holding in Wullschleger, the Court no longer possesses federal question jurisdiction, nor does it have supplemental jurisdiction over the remaining state law claims. Plaintiff's motion to remand is therefore **GRANTED**, and all motions still pending in this case (Docs. 6, 8, 23) are **DENIED AS MOOT**.

### III. CONCLUSION

Based on the foregoing, **IT IS HEREBY ORDERED** Plaintiff's first motion to remand, motion to disqualify Defendant's counsel, and

8

motion to stay are **DENIED AS MOOT** (Docs. 5, 8, 25); Plaintiff's motion to adopt prior pleadings (Doc. 13) and second motion to remand (Doc. 12) are **GRANTED**; and Defendant's motions to compel arbitration and stay the action (Docs. 6, 22, 23) are **DENIED AS MOOT**. The Clerk is **DIRECTED** to **REMAND** this case to the State Court of Richmond County, Georgia. The Clerk is further **DIRECTED** to **TERMINATE** all remaining pending motions, if any, and **CLOSE** this case.

**ORDER ENTERED** at Augusta, Georgia, this 27th day of June, 2025.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA